UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DILONTE D. CRAWFORD,

        Plaintiff,                      Case No. 1:25-cv-745

v.                                             Hon. Hala Y. Jarbou

GIZELLE PORTER,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which

he complains occurred there. Plaintiff sues ICF Correctional Officer Gizelle Porter in her official capacity. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that on May 19, 2025, during first shift, his cell door was opened so that Plaintiff could go take a shower. (*Id.*, PageID.3.) On the way to the showers, Plaintiff realized he had the wrong shower shoes. (*Id.*) Plaintiff asked Defendant Porter if he could go back to his cell to get the right shoes; Defendant Porter said "yes." (*Id.*)

After Plaintiff swapped his shoes, he was walking back to the showers when Defendant Porter approached him and said "to take it in." (*Id.*) Plaintiff "asked for what." (*Id.*) Defendant Porter responded "because I f***ing said so," and went on to say other things that Plaintiff was unable to make out. (*Id.* (asterisks added).) After Plaintiff gathered his personal belongings, he started walking back to the stairs and told Defendant Porter "I'm not your kid. Don't disrespect me." (*Id.*) Defendant Porter replied, "I know why [you are] in here. You need to worry about f***ing [those] little kids." (*Id.* (asterisks added).) Plaintiff stopped, turned around, and asked Defendant Porter what she said. (*Id.*) Defendant Porter "repeated what she said and called [Plaintiff] a child molester." (*Id.*)

Based upon the foregoing, the Court construes Plaintiff's complaint to assert Eighth Amendment claims against Defendant Porter. Plaintiff seeks injunctive relief in the form of Defendant Porter being "relieved of her duties as a correctional officer," as well as damages. (*Id.*, PageID.4.)

**II.    Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

2

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  Official Capacity

As set forth above, Plaintiff has sued Defendant Porter in her official capacity only. (Compl., ECF No. 1, PageID.2.) A suit against an individual in his or her official capacity is

equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Section 1983 does not abrogate the states' Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison*, 722 F.3d at 771.

Here, Plaintiff seeks monetary damages, as well as injunctive relief in the form of Defendant Porter being "relieved of her duties as a correctional officer." (Compl., ECF No. 1, PageID.4.) However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. *See, e.g.*, *Lapides*, 535 U.S. at 617. Therefore, Plaintiff may not seek monetary damages against Defendant Porter in her official capacity, and any such claim will be dismissed for failure to state a claim upon which relief can be granted.

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex parte Young* for prospective

4

injunctive relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is based on the fiction that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Nonetheless, the Supreme Court has cautioned that "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *Los Angeles v. Lyons*, 461 U.S. 95 (1983) (addressing injunctive relief); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (addressing declaratory relief).

Here, Plaintiff's complaint concerns a discrete incident that occurred on May 19, 2025. Plaintiff does not set forth any facts suggesting that Defendant Porter is engaged in an ongoing violation of law. For that reason alone, Plaintiff's request for injunctive relief is not properly characterized as prospective. And, regardless, courts have found that they do not have the authority to order that correctional officials be terminated from their employment. *See, e.g.*, *Williams v. Maynard*, No. 23-cv-1320, 2023 WL 3674332, at *1 n.3 (E.D. Pa. May 25, 2023) (collecting cases); *Pagonis v. Raines*, No. 4:17-cv-01, 2018 WL 9240919, at *4 (W.D. Tex. Aug. 10, 2018) ("'Federal courts are not prison managers' and injunctive relief in the form of an order to terminate a prison official's employment is not available in a § 1983 action." (citations omitted)), *report and recommendation adopted*, No. 17-cv-00001, 2018 WL 9240916 (W.D. Tex. Sept. 10, 2018). Thus,

5

the Court has no authority to grant Plaintiff the injunctive relief he seeks in the form of having Defendant Porter's employment terminated.

For all the reasons set forth above, Plaintiff has failed to state a claim against Defendant Porter in her official capacity upon which relief can be granted. Accordingly, Plaintiff's official capacity claim against Defendant Porter will be dismissed for failure to state a claim. Because Plaintiff has only sued Defendant Porter in her official capacity, his entire complaint is subject to dismissal for the reasons set forth above. Nevertheless, the Court will consider the merits of Plaintiff's claim below.

### B.  Eighth Amendment Claims

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.

Here, the Court has construed Plaintiff's complaint to assert an Eighth Amendment verbal harassment claim against Defendant Porter premised upon Plaintiff's allegation that Defendant Porter disrespected him. (Compl., ECF No. 1, PageID.3.) As set forth *supra*, Plaintiff alleges that Defendant Porter called him a child molester. (*Id.*) While the Court does not condone the use of such language, and while such language is certainly unprofessional, verbal harassment of an inmate by prison officials does not constitute punishment within the meaning of the Eighth Amendment. *Ivey*, 832 F.2d at 955. Additionally, verbal harassment does not rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *See id.*; *see Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that harassment and verbal abuse

do not constitute the type of infliction of pain that the Eighth Amendment prohibits). Thus, any Eighth Amendment claim premised upon Defendant Porter's alleged verbal harassment of Plaintiff will be dismissed.

Plaintiff's complaint can also be construed to assert an Eighth Amendment failure to protect claim against Defendant Porter based upon Plaintiff's allegations that Defendant Porter called him a child molester. Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer*, 511 U.S. at 833. Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson*, 468 U.S. at 526–27. In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. To establish a violation of this right, Plaintiff must show that Defendant Porter was deliberately indifferent to Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988).

Labeling an inmate as Defendant Porter allegedly did may constitute deliberate indifference to an inmate's safety. *See, e.g.*, *Comstock v. McCrary*, 273 F.3d 693, 699 n.2 (6th Cir. 2001) (acknowledging that being labeled a snitch could make the inmate a target for prison attacks); *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001); *see also Odom v. McKenzie*, No. 12-cv-79, 2012 WL 6214367, at *3 (E.D. Ky. Dec. 13, 2012) (citations omitted). "It does not matter whether the risk is caused by the actions of prison officials or may come at the hands of other inmates. If an inmate is believed to be a 'snitch' by other inmates, he or she faces a substantial risk of assault by other inmates." *Spotts v. Hock*, Civ. No. 10-353, 2011 WL 676942, at *2–3 (E.D. Ky. Feb. 16, 2011) (citation omitted). However, in at least one published opinion, the Sixth Circuit has held that to state a claim for deliberate indifference under the Eighth

8

Amendment in such a context, a plaintiff must allege that he or she suffered physical harm as a result of being labeled as such. *See Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming district court's dismissal where plaintiff's claim that he was endangered by being labeled a snitch was unsupported by any allegation of harm); *Yaklich*, 148 F.3d at 600–01 (concluding that plaintiff failed to state an Eighth Amendment claim based upon inmate threats where he alleged no physical injury); *White v. Trayser*, No. 10-cv-11397, 2011 WL 1135552, at *6 (E.D. Mich. Mar. 25, 2011) (holding that plaintiff failed to state an Eighth Amendment claim where he alleged that defendant endangered his life by thanking him for information about illegal contraband in the presence of other inmates but failed to allege that he suffered any physical injury); *Catanzaro v. Mich. Dep't of Corr.*, No. 08-11173, 2009 WL 4250027, at *12 (E.D. Mich. Nov. 19, 2009) ("[A]n Eighth Amendment deliberate indifference claim must be grounded in an actual physical injury.").

That said, a prisoner ordinarily does not need to prove that he has been the victim of an actual attack to bring a personal safety claim; instead, he must at least establish that he reasonably fears such an attack. *Thompson v. County of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety"); *see also Gresham v. Walczak*, No. 1:20-cv-310, 2020 WL 7872192, at *2 (W.D. Mich. Nov. 30, 2021) (holding that an officer's accusation that a prisoner was a snitch, coupled with a threat of physical harm from a prisoner, was sufficient to state an Eighth Amendment claim).

Here, however, Plaintiff fails to allege any facts that would permit the Court to infer that Defendant Porter called Plaintiff a child molester in the presence of other inmates. Likewise, Plaintiff fails to allege any facts suggesting that after being called a child molester by Defendant

9

Porter, Plaintiff began to experience threats of harm from other inmates. While Plaintiff need not prove that he has been the victim of an actual attack, nothing in the complaint permits the Court to infer that Plaintiff reasonably fears such an attack. *See Farmer*, 511 U.S. at 834; *Thompson*, 29 F.3d at 242–43. Plaintiff's allegations are simply too conclusory for the Court to conclude that he has set forth a plausible Eighth Amendment failure to protect claim against Defendant Porter. Accordingly, any such claim will also be dismissed.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11.

A judgment consistent with this opinion will be entered.

Dated: July 22, 2025 /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE